Dec. 295, T.D. 54165 (19 U.S.C. § 1402(f)), is the proper basis of value for the instant motorscooters and parts thereof, and that said value is as follows:

For Model 125/LI

Lira 108,010.00, plus extras marked "X" in red ink on the invoices at invoice unit values in U.S. currency, packed.

For Model 150/LI

Lira 121,375.00, plus extras marked "X" in red ink on the invoices at invoice unit values in U.S. currency, packed.

As to all other merchandise, the appeals having been abandoned, are dismissed.

Judgment will be entered accordingly.

(Reap. Dec. 10020)

JAGUAR CARS NORTH AMERICAN CORP. *v.* UNITED STATES

Entry Nos. 18465; 20404.

(Decided June 7, 1961)

*Lawrence & Tuttle* for the plaintiff.

*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

RAO, Judge: When the appeals for reappraisement listed above were called for trial on April 19, 1961, counsel for defendant moved for their dismissal for lack of prosecution.

The records of the court reveal that said cases first appeared on the calendar on September 2, 1958, at San Francisco, the port of entry. Upon request of counsel for plaintiff, numerous continuances thereof were granted, and the actions were transferred to New York for trial. Notwithstanding that, on October 18, 1960, said cases were marked "continued for final disposition," counsel for plaintiff failed to proceed to trial.

The motion to dismiss for want of prosecution is, therefore, granted.

Judgment will be entered accordingly.

(Reap. Dec. 10021)

VANDEGRIFT FORWARDING COMPANY, INC., ET AL. *v.* UNITED STATES

Entry No. 921506, etc.

(Decided June 7, 1961)

Plaintiffs not represented by counsel.

*William H. Orrick, Jr.,* Assistant Attorney General (*Samuel D. Spector,* trial attorney), for the defendant.

RAO, Judge: The appeals for reappraisement enumerated in the schedule hereto attached and made a part hereof, which have been consolidated for purposes of trial, have been submitted for decision upon a stipulation to the effect that the items described on the invoices as spare spools for Quick Finessa Reels, number 280, were freely offered for sale to all purchasers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, at 76 cents each, less 10 per centum, less 10 per centum, packed; that there was no higher foreign value; and that all other claims as to any other items included in the entries covered by said appeals are abandoned.

On the agreed facts, I find export value, as that value is defined in section 402(d) of the Tariff Act of 1930, or section 402(b) of said act, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of said spare spools and that such value was 76 cents each, less 10 per centum, less 10 per centum, packed. All other claims, as to all other invoiced items having been abandoned, are hereby dismissed.

Judgment will be entered accordingly.

(Reap. Dec. 10022)

C. S. EMERY & COMPANY *v.* UNITED STATES

Entry No. K–17, etc.

(Decided June 7, 1961)

*Sharretts, Paley & Carter* for the plaintiff.

*William H. Orrick, Jr.,* Assistant Attorney General, for the defendant.

RAO, Judge: The appeals for reappraisement listed in schedule C, attached to this decision and made a part hereof, have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties hereto that the merchandise covered by the appeals for reappraisement listed on Schedule C, hereto attached and made a part hereof, consists of Masonite Presdwood, Panelwood, and similar products exported from Canada during 1957.